**Jose Alonso BERNAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72164.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Raul Gomez, Esq., Law Office of Raul Gomez, Los Angeles, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Jose Alonso Bernal, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings. We have jurisdiction under former 8 U.S.C. § 1105a(a). *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). Reviewing for abuse of discretion, *see id.,* we deny the petition for review.

Bernal did not file the instant motion to reopen until eight years after he was ordered deported in absentia, well after the 180–day deadline. *See* 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996). While equitable tolling applies to deadlines where a petitioner is the victim of deception, fraud, or error, the petitioner must still exercise due diligence. *See Iturribarria,* 321 F.3d at 897. Bernal made no attempt to contact new counsel until August 2003, six years after he alleges that he could no longer contact the immigration consultant he accuses of misconduct. Under these

circumstances, the BIA acted well within its discretion in denying Bernal's motion to reopen as untimely. *Id.* at 898.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.